# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA
## FRESNO DIVISION

| | |
|---|---|
| RICKEY C. HUERTA, CDCR #V-98779,<br><br>　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>KEN CLARK, Warden, et al.,<br><br>　　　　　　　　　　Defendants. | Civil No.   08-1253 BTM (NLS)<br><br>**ORDER:**<br><br>**(1)  SUA SPONTE DISMISSING COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. §§ 1915(e)(2) and 1915A(b); and**<br><br>**(2) GRANTING MOTION FOR RETURN OF ORIGINAL DOCUMENT [Doc. No. 6]** |

## I.

### PROCEDURAL HISTORY

On August 25, 2008, Plaintiff, a state inmate currently incarcerated at the California Substance Abuse Treatment Facility located in Corcoran, California and proceeding pro se, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. Plaintiff did not prepay the $350 filing fee mandated by 28 U.S.C. § 1914(a) to commence a civil action; instead, he filed a Motion to

1  Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [Doc. No. 2]. The Court
2  granted Plaintiff's Motion to Proceed *IFP* on August 28, 2008 [Doc. No. 4].

3  On November 26, 2008, this matter was reassigned to District Judge Barry Ted
4  Moskowitz for all further proceedings [Doc. No. 7]. In addition, Plaintiff has filed a "Request
5  for Original Document Returned" [Doc. No. 6].

## II.

### SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)

8  The Prison Litigation Reform Act ("PLRA") obligates the Court to review complaints
9  filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained
10 in any facility [and]  accused of, sentenced for, or adjudicated delinquent for, violations of
11 criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary
12 program," "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b).
13 Under these provisions, the Court must sua sponte dismiss any IFP or prisoner complaint, or any
14 portion thereof, which is frivolous, malicious, fails to state a claim, or which seeks damages from
15 defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203
16 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Resnick v. Hayes*, 213 F.3d 443,
17 446 (9th Cir. 2000) (§ 1915A).

18 "[W]hen determining whether a complaint states a claim, a court must accept as true all
19 allegations of material fact and must construe those facts in the light most favorable to the
20 plaintiff." *Resnick*, 213 F.3d at 447. In addition, the Court's duty to liberally construe a pro se's
21 pleadings, *see Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623 (9th Cir. 1988), is
22 "particularly important in civil rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir.
23 1992).

24 Section 1983 imposes two essential proof requirements upon a claimant: (1) that a person
25 acting under color of state law committed the conduct at issue, and (2) that the conduct deprived
26 the claimant of some right, privilege, or immunity protected by the Constitution or laws of the
27 United States. *See* 42 U.S.C. § 1983; *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on*
28 *other grounds by Daniels v. Williams*, 474 U.S. 327, 328 (1986); *Haygood v. Younger*, 769 F.2d

1350, 1354 (9th Cir. 1985) (en banc).

Plaintiff alleges that his constitutional rights were violated when prison officials refused to transfer him to a prison closer to his family.  (*See* Compl. at 3.)  To the extent that Plaintiff is alleging his due process rights were violated, his Complaint fails to state a claim as Plaintiff does not have a constitutional right to be housed at a particular institution or to receive a particular security classification.  *See Olim v. Wakinekona,* 461 U.S. 238, 244-50 (1983); *Meachum v. Fano*, 427 U.S. 215, 224 (1976); *Moody v. Daggett*, 429 U.S. 78, 87 n.9 (1976).  Thus, Plaintiff's fourteenth amendment due process claims must be dismissed for failing to state a claim upon which § 1983 relief may be granted.  Accordingly, the Court finds that Plaintiff's Complaint fails to state a section 1983 claim upon which relief may be granted, and is therefore subject to dismissal pursuant to 28 U.S.C. §§ 1915(e)(2)(b) & 1915A(b).  The Court will provide Plaintiff with an opportunity to amend his pleading to cure the defects set forth above.

### III.

#### CONCLUSION AND ORDER

Good cause appearing, **IT IS HEREBY ORDERED** that:

(1)  Plaintiff's Complaint [Doc. No. 1] is **DISMISSED** without prejudice for failing to state a claim upon which relief may be granted.  *See* 28 U.S.C. §§ 1915(e)(2)(b) & 1915A(b).  However, Plaintiff is **GRANTED** forty five (45) days leave from the date this Order is "Filed" in which to file a First Amended Complaint which cures all the deficiencies of pleading noted above.  Defendants not named and all claims not re-alleged in the Amended Complaint will be deemed to have been waived.  *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

**IT IS FURTHER ORDERED** that:

(2)  Plaintiff's "Motion for Return of Original Document" [Doc. No. 6] is **GRANTED**. The Clerk of Court is directed to mail to Plaintiff the original administrative appeal form, if it is in the Court's file, referred to in Plaintiff's Motion and retain a copy in the Court's file.

DATED: February 10, 2009

*Barry Ted Moskowitz*
Honorable Barry Ted Moskowitz
United States District Judge