# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA
# FRESNO DIVISION

| | |
|---|---|
| RICKEY C. HUERTA,<br>CDCR #V-98779,<br><br>                    Plaintiff,<br><br>vs.<br><br>KEN CLARK, Warden, et al.,<br><br>                    Defendants. | Civil No.   08-1253 BTM (NLS)<br><br>**ORDER SUA SPONTE DISMISSING FIRST AMENDED COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO**<br>**28 U.S.C. §§ 1915(e)(2) and 1915A(b);** |

## I.

### PROCEDURAL HISTORY

On August 25, 2008, Plaintiff, a state inmate currently incarcerated at Salinas Valley State Prison located in Soledad, California and proceeding pro se, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. Plaintiff did not prepay the $350 filing fee mandated by 28 U.S.C. § 1914(a) to commence a civil action; instead, he filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [Doc. No. 2]. The Court granted Plaintiff's Motion to Proceed *IFP* on August 28, 2008 [Doc. No. 4].

On November 26, 2008, this matter was reassigned to District Judge Barry Ted Moskowitz for all further proceedings [Doc. No. 7]. On February 10, 2009, this Court sua sponte dismissed Plaintiff's Complaint for failing to state a claim upon which relief could be granted. (*See* Feb. 10, 2009 Order at 3.) Plaintiff filed his First Amended Complaint ("FAC") on March 17, 2009 [Doc. No. 10].

## II.

### SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)

As the Court previously informed Plaintiff, the Prison Litigation Reform Act ("PLRA") obligates the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Under these provisions, the Court must sua sponte dismiss any IFP or prisoner complaint, or any portion thereof, which is frivolous, malicious, fails to state a claim, or which seeks damages from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Resnick v. Hayes*, 213 F.3d 443, 446 (9th Cir. 2000) (§ 1915A).

Section 1983 imposes two essential proof requirements upon a claimant: (1) that a person acting under color of state law committed the conduct at issue, and (2) that the conduct deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States. *See* 42 U.S.C. § 1983; *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327, 328 (1986); *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985) (en banc).

All of Plaintiff's claims arise from his allegations that prison officials have refused to transfer him to a prison that is closer to his family. (*See* FAC at 3.) Plaintiff seeks a transfer to a "facility close to the home of my loved ones in Sacramento County." (*Id.*) As the Court previously informed Plaintiff, to the extent that he is claiming a violation under the Due Process Clause, he has no constitutional right to be housed at a particular institution. (*See* Feb. 10, 2009

Order at 3; citing *Olim v. Wakinekona*, 461 U.S. 238, 244-50 (1983)). Plaintiff does not claim that prison officials have denied him access to family visitation, only that it is apparently a hardship due to the distance from his home to where he is currently incarcerated. (*See* FAC at 3.) The Fourteenth Amendment Due Process Clause does not guarantee a right of unfettered visitation. *See Ky. Dep't of Corr. v. Thompson*, 490 U.S. 454, 460-61 (1989). Thus, Plaintiff's Fourteenth Amendment Due Process claims must be dismissed for failing to state a claim upon which relief can be granted. Although the Court understands Plaintiff's concern regarding the distance between himself and his family, the Court has no power under federal law to order the defendants to relocate him or compensate him for his emotional distress.

## III.

### CONCLUSION AND ORDER

Good cause appearing, **IT IS HEREBY ORDERED** that:

Plaintiff's First Amended Complaint [Doc. No. 10] is **DISMISSED** without prejudice for failing to state a claim. *See* 28 U.S.C. §§ 1915(e)(2)(b) & 1915A(b). Moreover, because the Court finds amendment of Plaintiff's § 1983 claims would be futile at this time, leave to amend is **DENIED.** *See Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 339 (9th Cir. 1996) (denial of a leave to amend is not an abuse of discretion where further amendment would be futile).

The Clerk shall close the file.

DATED: April 7, 2009

Honorable Barry Ted Moskowitz
United States District Judge